UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VINCENT CORTESE, on behalf of himself
and all others similarly situated,

                         Plaintiff,                    **ORDER**

     -against-                           CV 04-956 (DRH)(ARL)

EDGE SOLUTIONS, INC.,

                         Defendant.
-----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's motion to excuse it from its admissions pursuant to Fed. R. Civ. P. 36(b). On March 27, 2006, the plaintiff sought to compel responses to his Interrogatories and Request for the Production of Documents and to have the facts set forth in his Request to Admit deemed admitted. The defendant did not timely respond to the motion. Instead, counsel for the defendant sent a letter to the court requesting a premotion conference. By order dated April 10, 2006, the undersigned granted the plaintiff's motions and, in doing so, noted that "[t]he consequence of a failure to respond to a Rule 36 request for admission is automatic. If a recipient of a Request to Admit fails to respond to it in writing within thirty days, the matters set forth in the Request are admitted. Thus, the matters set forth in the plaintiff's Request for Admission are, for the purposes of this action, deemed admitted." The defendant now seeks to amend the admissions which were obtained by its default.

      Fed. R. Civ. Proc. 36(b) provides:

> 'The court may permit withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

In other words, the court has the discretion to excuse the defendant from its admissions if "(1) the

presentation of the merits will be aided and (2) no prejudice to the party obtaining the motion will result." *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir. 1983). Here, the plaintiff argues that he has been prejudiced by the defendant's failure to respond to his discovery requests including the request to admit. Specifically, the plaintiff contends that "the essence of the prejudice" is that he has been unable to conduct any class discovery and does not have sufficient time to conduct adequate discovery in this complex case.

The plaintiff further contends that the defendant is asking the court to sanction its complete disregard for the rules of procedure and that the defendant's failure to conduct discovery should not be rewarded. Although the court shares the plaintiff's concern that the defendant and its counsel's conduct should not be countenanced, the court does not believe that the plaintiff will be prejudiced by permitting the defendant to submit amended admissions. Nonetheless, given the history of the defendant's conduct in this case, the court recognizes that the defendant's default can only be excused under the following conditions:

1. On or before May 12, 2006, the defendant shall respond to all outstanding discovery requests, including the Request to Admit. If the defendant fails to respond to any of the requests, upon the motion of the plaintiff, the court will recommend that the defendant be sanctioned.

2. Upon receipt of the responses, the plaintiff may, if necessary, seek to extend the deadline for making motions to join additional parties or to amend the complaint. In addition, the plaintiff may seek to extend the deadline for the completion of all discovery.

3. The defendant shall reimburse the plaintiff for the reasonable expenses he incurred making the March 27, 2006 motion to compel and responding to this motion.

Dated: Central Islip, New York
     April 24, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge